**Ada B. Mejia MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75718.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

536

Submitted March 12, 2007.*

Filed March 15, 2007.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Andrew C. MacLachlan, Esq., Anthony P. Nicastro, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ada B. Mejia Martinez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Mejia Martinez's motion to reopen as untimely because it was filed more than six years after the BIA's final removal order. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after the final administrative decision was rendered); *Iturribarria*, 321 F.3d at 897 (filing deadline may be tolled where an

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alien, exercising due diligence, is prevented from timely filing by deception, fraud, or error).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen Mejia Martinez's case. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion") (italics and internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**